**Reversed and Rendered and Memorandum Majority Opinion filed August 29, 2023. Concurring Opinion to Follow.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00372-CR
### NO. 14-19-00373-CR

---

### THE STATE OF TEXAS, Appellant

### V.

### JASPER ROBIN CHEN, Appellee

---

### On Appeal from the County Criminal Court at Law No. 16
### Harris County, Texas
### Trial Court Cause No. 2233753 & 2250796

---

## MEMORANDUM OPINION

In this appeal, which returns to us on remand from the court of criminal appeals, we reconsider a facial challenge to Penal Code section 42.07(a)(7), otherwise known as the electronic-harassment statute, in light of recent opinions from the court of criminal appeals. Tex. Penal Code Ann. § 42.07(a)(7). We conclude that the challenged version of the electronic-harassment statute is not facially unconstitutional. Accordingly, we reverse the trial court's judgment and

render judgment that appellee Jasper Chen's application for pre-trial habeas-corpus relief is denied.

## I. BACKGROUND

The charging instrument in this case alleged that:

> on or about April 15, 2018 continuing through October 29, 2018, [appellee] did then and there unlawfully, with intent to harass, annoy, alarm, abuse, torment and embarrass another, namely, [the complainant], send repeated electronic communications, to-wit: electronic mail and instant message in a manner reasonably likely to harass, annoy, alarm, abuse, torment and embarrass.

Appellee filed an application for writ of habeas corpus and motion to quash the information, arguing that the statute under which he was charged, Penal Code section 42.07(a)(7) (the "electronic-communications-harassment statute"), is facially unconstitutional and unconstitutional as applied to him under the First Amendment. U.S. Const. amend. I; *see* Tex. Code Crim. Proc. Ann. art. 11.09 ("If a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if there be no county judge in said county, then to the county judge whose residence is nearest to the courthouse of the county in which the applicant is held in custody."). Specifically, he argued it was vague and overbroad. The trial court granted the application, a writ of habeas corpus was issued, and appellee and the State appeared for a hearing on the application. After the hearing, the trial court concluded the statute is facially unconstitutional and granted habeas-corpus relief and the motion to quash the information, thereby discharging the appellee. *See* Tex. Code Crim. Proc. Ann. art. 11.40. This appeal followed.[1]

---

[1] In a unitary notice of appeal, the State appealed both "from the trial court's order dismissing the information in cause number 2233753," which has been assigned case number 14-19-00373-CR by this court, "and from its order granting habeas relief in cause number

2

Upon original submission, we concluded that the electronic-harassment statute was unconstitutionally overbroad in violation of the First Amendment. *See State v. Chen*, 615 S.W.3d 376, 385 (Tex. App.—Houston [14th Dist.] 2020), *vacated and remanded sub nom. Ex parte Chen*, 665 S.W.3d 448 (Tex. Crim. App. 2022). But after we issued our judgments, the court of criminal appeals decided *Ex parte Barton*, 662 S.W.3d 876 (Tex. Crim. App. 2022) and *Ex parte Sanders*, 663 S.W.3d 197 (Tex. Crim. App. 2022), and in both of those related cases, the court of criminal appeals determined that earlier versions of the electronic-harassment statute were not facially unconstitutional in violation of the First Amendment.

In light of its decisions in *Barton* and *Sanders*, the court of criminal appeals vacated the judgment in this case and remanded the case back to us for reconsideration.

## II.    ANALYSIS

The State asserts that the trial court erred by granting the motion to quash and granting appellee's requested habeas relief because the electronic-harassment statute is constitutional. Specifically, the State argues the electronic-harassment statute: (1) does not implicate the First Amendment; (2) satisfies intermediate scrutiny because it serves a legitimate state interest; and (3) is not overbroad or vague. The State additionally claims that the present case is controlled by our court's recent decision in *Ex parte Ordonez*, No. 14-19-01005-CR, 2023 WL 4711526, at *1 (Tex. App.—Houston [14th Dist.] July 25, 2023, no pet. h.). We agree.

In *Ordonez,* this court concluded that the electronic-harassment statute was unconstitutionally overbroad in violation of the First Amendment. *See Ex parte*

2250796," which has been assigned case number 14-19-00372-CR by this court.

*Ordonez*, No. 14-19-01005-CR, 2021 WL 245219, at \*2 (Tex. App.—Houston [14th Dist.] Jan. 26, 2021) (mem. op., not designated for publication), *vacated*, No. PD-0145-21, 2022 WL 16626255 (Tex. Crim. App. Nov. 2, 2022) (per curiam). Just as here, the court of criminal appeals granted the State's petition for discretionary review in *Ordonez*, vacated this court's judgment, and remanded the case to this court for further consideration in light of *Sanders* and *Barton*.

On remand in *Ordonez*, our court concluded that the 2017 version of the electronic-harassment statute does not implicate the First Amendment, despite its expanded definition of "electronic communication":

> This expanded definition may have broadened the types of electronic communications that can be used to complete the offense, but the gravamen of the offense itself did not change. As with the 2001 version in *Barton* and the 2013 version in *Sanders*, the gravamen is still the repeated sending of electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another. That "repeated sending of electronic communications" is noncommunicative conduct, even when such conduct is accompanied by speech—just as the *Sanders* court explained with its examples involving e-mails and computer code. Accordingly, we conclude that the 2017 version of the electronic harassment statute does not implicate the First Amendment.

*Ex parte Ordonez*, 2023 WL 4711526, at \*3 (internal quotation omitted).

Because the First Amendment was not implicated, our court then reviewed Ordonez's constitutional challenge under the rational-basis test. *See id.* Under that test, the statute is presumed to be valid, and a reviewing court must uphold the statute if it is rationally related to a legitimate state interest. *See Barton*, 662 S.W.3d at 884. Our court noted that the state has a legitimate interest in protecting the substantial privacy interests of individuals from harassment, and that the 2001 version of the electronic-harassment statute served that interest. *Ex parte Ordonez*,

2023 WL 4711526, at *3. Accordingly, because "[t]he same reasoning applies here to the 2017 version of the electronic harassment [statute,]" we concluded that the electronic-harassment statute was presumed to be valid. *Id.*

In *Ordonez*, we also observed that because the First Amendment was not implicated, Ordonez could not maintain an overbreadth challenge to the electronic-harassment statute. *See id.* (quoting *Barton*, 662 S.W.3d at 885 ("Since § 42.07(a)(7) does not regulate speech, and therefore does not implicate the free-speech guarantee of the First Amendment, the statute is not susceptible to an overbreadth challenge.")).

As for Ordonez's vagueness challenge, because the First Amendment was not implicated, we observed that Ordonez was required to show that the 2017 version of the electronic-harassment statute was unduly vague as applied to her own conduct. *See Ex parte Ordonez*, 2023 WL 4711526, at *3 (citing *Barton*, 662 S.W.3d at 885). But because she did not present any argument regarding her own conduct, we concluded that her vagueness challenge failed. *See Ex parte Ordonez*, 2023 WL 4711526, at *3.

Following our precedent in *Ordonez*, we conclude that the electronic-harassment statute does not implicate the First Amendment. Likewise, we presume the electronic-harassment statute is valid because the statute is rationally related to a legitimate state interest. Because the First Amendment is not implicated, appellee cannot maintain an overbreadth challenge to the electronic-harassment statute. *See Barton*, 662 S.W.3d at 885; *Ex parte Ordonez*, 2023 WL 4711526, at *3. Also, appellee's vagueness challenge fails because he does not present any argument regarding his own conduct. *See Barton*, 662 S.W.3d at 885; *Ex parte Ordonez*, 2023 WL 4711526, at *3.

Through supplemental briefing, appellee urges our court—despite *Sanders*

5

and *Barton*—to rely on the Supreme Court's recent decision in *Counterman v. Colorado*, No. 22-138 (U.S. June 27, 2023) to conclude that the electronic-harassment statute is unconstitutional. However, this court has already considered and rejected this argument in *Ordonez*. *See Ex parte Ordonez*, 2023 WL 4711526, at \*4 ("*Counterman* did not specifically examine whether the sending of repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another was noncommunicative, as the Court of Criminal Appeals held in *Barton* and *Sanders*.").

We therefore sustain the State's sole issue.

### III. CONCLUSION

The trial court reversibly erred in granting appellee's application for pretrial habeas-corpus relief and granting the motion to quash in each of these two criminal cases. Therefore, in each of the appeals, we reverse the trial court's judgment and render judgment that appellee's application for pretrial habeas-corpus relief be denied. We reinstate the information in trial court cause number 2233753 so that the trial court may conduct further proceedings on this information.

/s/     Charles A. Spain
           Justice

Panel consists of Justices Zimmerer, Spain, and Hassan (Hassan, J., concurring with concurrence to follow).

Do Not Publish — Tex. R. App. P. 47.2(b).